This action was brought against Wm. D. Waples for recommending a certain Thomas E. Waggoman to plff., as a person fit to be trusted when in fact he was insolvent. Plff. on this recommendation trusted him for a gig and harness, the price of which he lost. The plff. is a gig and harness maker in Sussex county. In May 1830, a stranger presented himself with the following letter of introduction:
 Millsborough, Del., May 13, 1830.
Mr. Benjamin Fooks.
Dear Sir, — Allow me to introduce to you Mr. Waggoman, of the city of Washington, as a gentleman in whom you may rely. I do not hesitate to say that Mr. Waggoman will promptly comply with any engagements that he may enter into with you. He will explain to you the nature of his calling on you, c. Any attention you can give him will be thankfully received by your friend, c.
 WM. D. WAPLES.
On this recommendation Fooks sold Waggoman a gig and harness on a credit, and took his note for the price. The testimony showed that Thomas E. Waggoman was insolvent in 1830, and generally known about Washington to be so, though he had formerly been a man of fortune and made a great show. He is now dead and Fooks has made sundry ineffectual attempts to collect the note.
The plff. closed; and
J. M. Clayton for deft., moved a nonsuit on these grounds: First. That plff. had not proved any recommendation of Thomas E. Waggoman. The identity between the Thomas E. Waggoman who is proved to have been insolvent, and the Mr. Waggoman mentioned in the letter, is not established. It may be that the person recommended was the present senator in congress, Mr. Waggoman, who *Page 132 
is the brother of Thomas E. Waggoman. Second. The plff. has not shown the fraudulent intention of Waples, which is the gist of this action. Every count alledges the fact "falsely and fraudulently" and must so alledge, for without a fraudulent intent there is no cause of action.2 East 92, Haycraft vs. Greasy. There is no proof in the case whatever of such intent; and this must appear.
E. D. Cullen, in support of the motion:
Fraud cannot be presumed, but must be proved. 2 East 92.Grose J. There must be evidence of fraud.
A misrepresentation without interest or fraud will not support an action. 7 Cranch 69, 96.
The narr alledges that Waples recommended Waggoman knowing him to be insolvent; there is no evidence here whatever of thescienter, and the plff. must fail for want of it.
Mr. Attorney General Frame:
What is the plff. bound to prove? First, that deft. recommended Thos. E. Waggoman to the plff. as a man fit to be trusted; secondly, with a fraudulent intent, and thirdly, with a knowledge that the recommendation was false. On this assumption the declaration states that he recommended Thos. E. Waggoman; the letter introduces and recommends a Mr. Waggoman, and there is no evidence to connect them. It is very true that the plff. was not bound to set out the recommendation by its tenor, but this is matter of fact, and however set out, it must be proved that the deft. recommended the person alledged.
Second. The fraudulent intent must be proved, and thirdly, the scienter must also be proved. The deft. must know the falsity of his statement and make it with a view to defraud. Fraud is the gist of the action. 1 Selw. N. P. 483; Salk. 211; 2 ChittyPlead. 317; 2 Saund. Plead. and Evid. 527.
Prior to the case of Pasley and Freeman, the courts never charged any one not a party to the contract. In that case, it was extended to the fraudulent misrepresentations of a third personknowing the falsity of his statement. 3 Term Rep. 56. It is necessary to establish both falsity and fraud, i.e., the knowledge of the falsity; it must appear that deft. intended to impose on the plff. 1 Harrison's Digest 297. There is not a particle of proof here that Waples designed to cheat Fooks or knew of the insolvency of Waggoman.
E. Wootten and J. A. Bayard, for plff.
Questions of fact, are for the jury: of law, for the court. This is a question of fact. The declaration sets out the letter by substance and not by its tenor. That a certain individual named Thomas E. Waggoman was introduced, c. The letter speaks of Mr. Waggoman, and the identity may be proved aliunde. It is for the jury to say on the evidence if this has been proved. Second. The fraud and thescienter are also to be established by evidence, and found by the jury. It is fraud in fact, not legal fraud; and it is for the jury to say whether we have proved it. In Haycraft andCreasy, 2 East 92, the court left the case to the jury solely in the falsity of the representations. It was on this ground that the judgment was arrested. The case in Cranch was in equity, and can't prove that a court of *Page 133 
law and not the jury, are to try the facts of the case. Here was a man whose circumstances were notoriously insolvent; known personally to Waples but not to the plff. Waples introduces and recommends him as a person entitled to credit. Is not this evidence of fraud? In the cases cited, the apparent circumstances of the party recommended supported the recommendation, and there was reason in requiring proof that he knew his real circumstances were different. A man who recommends another is presumed to know at least his ostensible circumstances; if these are in fact bad it is evidence of fraud, which the jury ought to try. The recommendation supposes a personal knowledge; and a personal knowledge involves a knowledge of apparent circumstances and standing. Fraud has been presumed from the suppression of a fact within the knowledge of the party. And it can only be made out by circumstances which the jury ought to weigh. We therefore resist the motion. 4East 318.
J. M. Clayton, for deft. in reply.
The plff. must prove fraud in fact: both the falsity and the scienter. The fraud is a conclusion of law on the facts. 2 Starkie 468. First. The narr only sets out substance; true, but that substance is that Waples recommended Thos. E. Waggoman. Is this proved? That's the question. We don't deny that the Mr. Waggoman of the letter may be connected with the Thos. E. Waggoman of the narr by evidence, but where is that evidence. If there be no evidence of their identity, we are entitled to a nonsuit. Second. Is the scienter proved? The fraud is founded upon the scienter but does not necessarily arise out of it; therefore both must be shown. What evidence has been offered for this purpose? The gentleman says the letter itself proves the knowledge. That is to say, you prove the knowledge of insolvency from a representation of solvency. If this be true, all the law requiring proof of a scienter is folly. In the case from Cranch, the recommendation is very like this, yet it did not occur to Chief Justice Marshall, that the letter proved the knowledge. And the scienter of the real as well as the ostensible circumstances must be brought home to the deft. Here was a man residing in Washington city; a public officer; who had been as it is proved not only apparently but really in affluent circumstances; known as such by Col. Waples; he becomes insolvent and here at a distance from home, where a knowledge of his reverse of fortune had not reached, he applies to Col. Waples to introduce him to a coachmaker. The doing so may have been incautious, imprudent; but are you to infer that Waples was guilty of a fraud; and to make out this fraudulent intent, to infer also, that he knew of the changed fortunes of this man whom he no doubt innocently, though perhaps imprudently, recommended? Such is not the doctrine of the books. The fraud must be proved and the knowledge must be proved. The case in East goes on the same principle: fraud was proved in that case, and gross fraud. The deft. stated that the person recommended, had a large credit in a certain house, without stating the fact, which he knew, that this credit was founded on a previous deposit of goods to treble the amount.
Mr. Bayard argues from the case in 2 East, because the court said they would arrest the judgment, and send the case to another *Page 134 
jury; that they would not have granted a nonsuit. How could they do otherwise? After verdict, the case must go to another trial if the judgment is arrested; but it does not follow that the court would not order a nonsuit in the second trial, on the same state of facts. It is like every other case of a nonsuit for not proving a material point, if there be no proof of it the court will interfere.
By the Court. — In this case it was incumbent on the plff. to prove that the deft. made a false representation of the solvency of Waggoman, knowing it to be false, and with the intent to deceive and defraud the plff. The knowledge must be proved. It has been argued that the fact of the recommendation proves a knowledge of the circumstances. We can't agree to this conclusion. It is at best but a mere inference and too unsubstantial as a foundation for the fraud that is to be built upon it. The scienter ought to be provedaliunde. The evidence in the cause is that Waples lived in this county and Waggoman in Washington city. Some of the depositions of witnesses residing in Washington hesitate about Waggoman's insolvency in 1830, though the proof does establish this; yet there is not a tittle of evidence produced to show that Waples knew Waggoman's circumstances either real or apparent. It being incumbent on the plff. to prove this knowledge he must be nonsuited.
 Judgment of nonsuit.